#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**　　　　　　　　　　　　　　　　　　**Case No. 14-20118-01-JAR**

**CLIFTON B. CLOYD,**

    **Defendant.**

#### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Clifton B. Cloyd's Objections to the Presentence Investigation Report ("PSR") (Doc. 73). In his Objection Number One, Defendant argues that his classification in the PSR as a "career offender" was improper because his prior conviction for second-degree domestic assault in Missouri was not a "crime of violence." In his Objection Number Two, Defendant argues that his classification as a "career offender" was improper because his prior convictions for second-degree domestic assault and possession with intent to distribute more than 50 grams of cocaine base should be considered as separate predicate offenses under the United States Sentencing Guidelines ("Guidelines"). Defendant supplemented his objections in the PSR by filing a Sentencing Memorandum on March 27, 2016 (Doc. 77). On March 28, 2016, the Court held a sentencing hearing for Defendant, during which the parties presented argument as to whether Defendant's previous conviction in Missouri for domestic assault in the second degree constitutes a "crime of violence" for purposes of an enhanced sentence under the Guidelines. After hearing argument, the Court took the matter under advisement and continued the sentencing hearing pending its ruling. For the reasons stated below, the Court sustains Defendant's Objections to the PSR.

## I. Background

On July 1, 2015, Defendant appeared before the Court and entered a plea of guilty to one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and (e), and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1] On March 3, 2016, the United States Probation Office filed a PSR as to Defendant prior to Defendant's March 28, 2016, sentencing hearing.[2] The PSR described Defendant's criminal history, including a sentence in 2006 in Missouri under Mo. Rev. Stat. § 565.073 for second-degree domestic assault. The indictment under which Defendant proceeded to trial on the domestic assault charge states as follows:

> The Grand Jurors of the County of Jackson, State of Missouri charge the defendant, Clifton B. Cloyd, in violation of Section 563.073, RSMo, committed the Class C Felony of Domestic Assault in the Second Degree, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about September 17, 2002, in the County of Jackson, State of Missouri, the defendant knowingly caused physical injury to A.W. by striking her, and A.W. was a family member in that A.W. was residing with defendant.[3]

The PSR also described a sentence in 2003 for possession with intent to distribute 50 grams or more of cocaine base.[4] This conviction was the result of statements the victim in the domestic assault case made to police that Defendant had drugs and firearms in his home.[5] The victim made these statements on the same day that Defendant was arrested on the domestic assault charge, and police later obtained a search warrant to search the home.[6] Police searched the home

---

[1] 18 U.S.C. § 924(c)(1)(A)(ii).
[2] Doc. 73.
[3] *Id.* at 28.
[4] *Id.* at 15.
[5] *Id.*
[6] *Id.* at 15, 31–32.

2

and found firearms and drugs as indicated by the victim. Based these two offenses, the PSR classified Defendant as a "career offender."[7]

**II. Discussion**

    **a. Defendant's Objection Number One**

Defendant argues that because § 565.073 does not include "physical force" as an element of the offense, his previous conviction for second-degree domestic assault was not a crime of violence. The Government responds that Mo. Rev. Stat. § 565.073 is a crime of violence, and that the language of the indictment otherwise suggests that he was convicted for a crime of violence.

Under § 4B1.1 of the Guidelines, a defendant classified as a "career offender" is subject to an enhanced sentence.[8] A defendant is a "career offender" under the Guidelines if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior convictions of either a crime of violence or a controlled substance offense.[9]

Section 4B1.2(a) of the Guidelines defines a "crime of violence" as a crime that is punishable by imprisonment for a term exceeding one year and: "(1) Has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) Is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[10] The Tenth Circuit has held that the residual clause of § 4B1.2(a)(2), which provides that crimes of violence include crimes that

---

[7]*Id.* at 38.

[8]*See* U.S. Sentencing Guidelines Manual § 4B1.1.

[9]*Id.*

[10]U.S. Sentencing Guidelines Manual § 4B1.2(a).

"otherwise involve[] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague.[11] Further, Defendant's previous conviction for second-degree domestic assault is not one of the crimes enumerated in § 4B1.2(a)(2). Therefore, if Defendant's prior conviction was for a crime of violence, it must be because the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another."

To determine whether a particular felony is a "crime of violence" within the meaning of § 4B1.2, courts employ a "categorical approach that omits consideration of the particular facts of the case."[12] Using this approach, courts consider the offense "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."[13] Where a statute is "divisible," that is, when it "lists multiple, alternative elements, and so effectively creates several different crimes," courts use a modified categorical approach to "identify the crime of conviction in the case at hand."[14] Under the modified categorical approach, courts may look beyond the statutory elements of the offense to certain "extra-statutory materials," including the indictment, jury instructions, and entry of judgment, to determine which of those crimes was the defendant's crime of conviction and whether it is categorically a crime of violence.[15]

Here, Defendant was convicted of second-degree domestic assault under § 565.073, which states:

---

[11]*United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (citing *United States v. Johnson*, 135 S. Ct. 2551 (2015)).

[12]*United States v. Rooks*, 556 F.3d 1145, 1147 (10th Cir. 2009) (quoting *United States v. Vigil*, 334 F.3d 1215, 1218 (10th Cir. 2003)).

[13]*Id.* (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

[14]*Madrid*, 805 F.3d at 1207.

[15]*Descamps v. United States*, 133 S. Ct. 2276, 2283–85 (2013); *Madrid*, 805 F.3d at 1207.

"otherwise involve[] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague.[11] Further, Defendant's previous conviction for second-degree domestic assault is not one of the crimes enumerated in § 4B1.2(a)(2). Therefore, if Defendant's prior conviction was for a crime of violence, it must be because the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another."

To determine whether a particular felony is a "crime of violence" within the meaning of § 4B1.2, courts employ a "categorical approach that omits consideration of the particular facts of the case."[12] Using this approach, courts consider the offense "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."[13] Where a statute is "divisible," that is, when it "lists multiple, alternative elements, and so effectively creates several different crimes," courts use a modified categorical approach to "identify the crime of conviction in the case at hand."[14] Under the modified categorical approach, courts may look beyond the statutory elements of the offense to certain "extra-statutory materials," including the indictment, jury instructions, and entry of judgment, to determine which of those crimes was the defendant's crime of conviction and whether it is categorically a crime of violence.[15]

Here, Defendant was convicted of second-degree domestic assault under § 565.073, which states:

---

[11]*United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (citing *United States v. Johnson*, 135 S. Ct. 2551 (2015)).

[12]*United States v. Rooks*, 556 F.3d 1145, 1147 (10th Cir. 2009) (quoting *United States v. Vigil*, 334 F.3d 1215, 1218 (10th Cir. 2003)).

[13]*Id.* (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

[14]*Madrid*, 805 F.3d at 1207.

[15]*Descamps v. United States*, 133 S. Ct. 2276, 2283–85 (2013); *Madrid*, 805 F.3d at 1207.

> A person commits the crime of domestic assault in the second degree if the act involves a family or household member, including any child who is a member of the family or household . . . and he or she:
> (1) Attempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation; or
> (2) Recklessly causes serious physical injury to such family or household member; or
> (3) Recklessly causes physical injury to such family or household member by means of any deadly weapon.[16]

The statute is divisible, as it contains alternative elements creating different crimes.[17] The Court therefore applies the modified categorical approach to determine under which of these alternative crimes Defendant was convicted. Here, the domestic assault indictment charges Defendant with violating § 565.073 by "knowingly caus[ing] physical injury to A.W." Based on this language, it is clear that Defendant was charged and convicted with violating subsection (1) of the statute. Thus, the Court must determine whether this subsection incorporates "the use, attempted use, or threatened use of physical force against the person of another" as an element of the offense.

Defendant argues that § 565.073 does not include "physical force" as an element of the offense. Defendant contends that this statute is similar to that at issue in *United States v. Madrid*, where the district court held that the defendant's previous conviction for aggravated sexual assault of a child qualified as a crime of violence, thereby resulting in the defendant's classification as a career offender.[18] On appeal, the Tenth Circuit vacated the sentence,[19] holding that although the offense included a mens rea element, a physical act element, and an age element, the requirements of force or lack of consent were "notably absent."[20] Defendant

---

[16] Mo. Rev. Stat. § 565.073.

[17] *See Madrid*, 805 F.3d at 1207 ("The Texas statute under which Madrid was convicted is divisible, as it contains alternative elements creating different crimes.").

[18] *Id.* at 1207.

[19] *Id.*

[20] *Id.* at 1208.

5

contends that § 565.073 similarly lacks a physical force requirement, and asserts that a person can be convicted under the statute by means other than physical force.

The Government responds that § 565.073 includes "physical force" as an element based on a reading of *Johnson v. United States*.[21]  In *Johnson*, the Supreme Court held that a Florida battery statute, which provided that a person commits battery when the person "actually and intentionally touches" another person, did not include "physical force" as an element of the offense.[22]  In so holding, the Court defined "physical force" as "*violent* force—that is, force capable of causing physical pain or injury to another person."[23]  Based on this definition, the Government equates the "attempts to cause or knowingly causes physical injury" clause in § 565.073 to a "physical force" element.  Further, the Government points to the domestic assault indictment, which states that Defendant "knowingly caused physical injury to A.W. by striking her."  The Government emphasizes the phrase "by striking her," and suggests that this shows that Defendant was convicted of a crime of violence.

The Court finds that Defendant's conviction under § 565.073 was not for a "crime of violence."  Under § 565.073, a person commits the offense by "attempt[ing] to cause or knowingly caus[ing] physical injury . . . *by any means*."[24]  Courts have held that an offense is not a crime of violence if it can be committed without the use, attempted use, or threatened use of physical force.[25]  For example, in *United States v. Perez-Vargas,* the Tenth Circuit held that Colorado's third-degree assault statute, which stated that a person commits the offense by "knowingly or recklessly caus[ing] bodily injury to another person," was not a crime of

---

[21]559 U.S. 133 (2010).

[22]*Id.* at 145.

[23]*Id.* at 140 (emphasis in original).

[24]*Id.* (emphasis added).

[25]*Madrid*, 805 F.3d 1208; *United States v. Perez-Vargas,* 414 F.3d 1282, 1285–87 (10th Cir. 2005).

6

violence.[26]  The court recognized the following ways in which a person could commit the offense: "Recklessly shooting a gun in the air to celebrate, intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals.  One can imagine a number of other hypotheticals."[27]  Similarly, because § 565.073 states that a person commits the offense by knowingly causing physical injury to another "by any means," there are many conceivable ways in which a person could knowingly cause physical injury to another other than through physical force, including emotional or psychological abuse or intentional neglect.[28]

The Court cannot find that "attempt[ing] to cause or knowingly caus[ing] physical injury . . . by any means" equates to a physical force requirement under the definition set out in *Johnson*.  Although the Court in *Johnson* included "physical pain or injury" in its definition of "physical force," it also emphasized the element of force in this definition.[29]  As the Tenth Circuit has recognized, an offense that focuses on the *result* of a defendant's conduct, *i.e.* bodily injury, rather than the *means* by which the injury occurs, does not necessarily require "physical force" as an element of the offense.[30]  By contrast, courts have held that where an assault statute requires causation of physical injury by means that necessarily require physical force, such as the

---

[26]*Perez-Vargas*, 414 F.3d at 1285–87.

[27]*Id.* at 1286.

[28]*See United States v. Gracia-Cantu*, 302 F.3d 308, 311–13 (5th Cir. 2002) (holding that defendant's prior conviction in Texas for "injury to a child" did not constitute crime of violence, where applicable statute did not require use of physical force, and physical injury could be caused by "failing to remove a child from an abusive caretaker, or failing to provide proper medical care to a child").

[29]*Johnson*, 559 U.S. at 140.

[30]*See Perez-Vargas*, 414 F.3d at 1285–87 (recognizing defendant's argument that statute focused on "the *result* of a defendant's conduct, *i.e.*, bodily injury" rather than "the *means* by which an injury occurs (the use of physical force)," and holding that statute did not include "physical force" as an element) (emphasis in original).

use of a deadly weapon, the statute includes "physical force" as an element.[31] Here, however, § 565.073 provides that a person commits second-degree domestic assault by causing physical injury "by any means." Thus, § 565.073 does not incorporate "physical force" as an element of the offense.

Further, the Court finds that the "by striking her" clause in the indictment does not transform the offense into a crime of violence. Where a statute is divisible, the modified categorical approach allows a court to examine extra-statutory documents to determine under which alternative statutory provision the defendant was convicted.[32] It does not allow courts to consider the particular factual circumstances underlying a conviction or look beyond the elements of the offense to determine whether the defendant in fact used physical force.[33] Here, the Court may not consider the "by striking her" language in the indictment, as this was not an element of the offense. Therefore, the Court finds that Defendant's prior conviction for second-degree domestic assault under § 565.073 was not a "crime of violence" for purposes of a sentencing enhancement. Accordingly, the Court sustains Defendant's Objection Number One.

---

[31]*See United States v. Rede-Mendez*, 680 F.3d 552, 558 (6th Cir. 2012) (summarizing cases in which courts have held that assault or battery statutes that require only "the least touching" qualify as crimes of violence where the statutes also require use of a deadly weapon); *see also United States v. Vinton*, 631 F.3d 476, 485–86 (8th Cir. 2011) (holding that Missouri second-degree assault statute included "physical force" as an element where statute provided that the offense is committed when a person "[a]ttempts to cause or knowingly causes physical injury to another person *by means of a deadly weapon or dangerous instrument*") (emphasis added).

[32]*Descamps v. United States*, 133 S. Ct. 2276, 2279 (2013); *United States v. Madrid*, 805 F.3d 1204, 1207 (10th Cir. 2015).

[33]*Shepard v. United States*, 544 U.S. 13, 19 (2005) (stating that the categorical approach "refers to predicate offenses in terms not of prior conduct but of prior 'convictions' and the 'element[s]' of crimes"); *Taylor v. United States*, 495 U.S. 575, 600 (1990) (explaining that ACCA "defines 'violent felony' as any crime punishable by imprisonment for more than a year that 'has as an element'—not any crime that, in a particular case, involves—the use or threat of force"); *United States v. Gomez*, 690 F.3d 194, 198 (4th Cir. 2012) ("district courts may not decide on a case-by-case basis whether a defendant's particular conduct in committing a prior violation of a general statute amounts to the type of violence allowing for the enhancements set forth in the ACCA and the Guidelines") (citing *United States v. Woods*, 576 F.3d 400, 405–06 (7th Cir. 2009)).

### b. Defendant's Objection Number Two

Defendant also objects to his classification as a "career offender" on the basis that his prior convictions for second-degree domestic assault and possession with intent to distribute cocaine base should have been counted as a single predicate sentence under the Guidelines. Because the Court has found above that Defendant's prior second-degree domestic assault conviction cannot serve as a basis for his status as a "career offender," Defendant's Objection Number Two is moot as it relates to such status. However, the consideration of Defendant's prior convictions as a single predicate offense or separate predicate offenses has an impact on Defendant's total criminal history score and his criminal history category under the Guidelines.[34] Therefore, the Court addresses Defendant's Objection Number Two as it relates to his criminal history category.

The current version of § 4A1.2(a)(2) of the Guidelines provides the following guidance concerning the classification of prior offenses as a single sentence or multiple sentences:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.[35]

Here, the two offenses were not separated by an intervening arrest. However, the sentences did not result from offenses contained in the same charging instrument, and the sentences were not

---

[34]The PSR assigned three criminal history points to Defendant for each of the two prior convictions, and two points because Defendant committed the instant offense while under a sentence in a separate case. This resulted in a total criminal history score of eight, and a criminal history category of IV. (Doc. 73 at 16). If the prior convictions are viewed as a single predicate offense, this would reduce Defendant's total criminal history score by three points, thereby resulting in a total criminal history score of five, and a criminal history category of III.

[35]U.S. Sentencing Guidelines Manual § 4A1.2(a)(2).

imposed on the same day.[36] Therefore, under the current version of § 4A1.2(a)(2), these prior offenses qualify as two separate predicate sentences.

As Defendant notes, under a previous version of § 4A1.2(a)(2), prior sentences imposed in "related" cases were treated as a single sentence for purposes of criminal history scoring.[37] The Commentary to this previous version provided that "related cases" included those that resulted from offenses that "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."[38] This version of § 4A1.2(a)(2) was in effect at the time Defendant committed the prior offenses until November 1, 2007, when it was amended to its current form pursuant to Amendment 709 to the Guidelines.[39] Defendant argues that because his two prior offenses occurred at the same time and at the same location, these prior offenses occurred "on the same occasion" for purposes of § 4A1.2(a)(2). Therefore, Defendant argues, these offenses cannot serve as separate predicate sentences under the version of the Guidelines in effect prior to Amendment 709.[40] The Court agrees that if the previous version of § 4A1.2(a)(2) applies, Defendant's two prior sentences must be counted as a single predicate sentence under the Guidelines because the offenses occurred at the same time and at the same location.[41]

Under § 1B1.11 of the Guidelines, courts are instructed to apply the version of the Guidelines in effect on the date that the defendant is sentenced, unless the use of the Guidelines

---

[36]*See* Doc. 73 at 15.

[37]U.S. Sentencing Guidelines Manual, Supp. to App. C, Amendment 709.

[38]*Id.*

[39]*Id.*

[40]*Id.* at 32.

[41]*See, e.g., United States v. Oldham*, 13 F. App'x 221, 227 (6th Cir. 2001) (finding that prior offenses did not take place on the "'same occasion' because they occurred at different times, in different locations, and were committed against different victims"); *United States v. Burnett*, 55 F. Supp. 2d 410, 413 (D. S.C. 1999) (holding that defendant committed prior offenses on "same occasion" because he committed offenses at the same time).

would violate the Ex Post Facto Clause of the Constitution.[42]  If a court determines that the application of the current Guidelines would cause a violation of the Ex Post Facto Clause, the court must use the version of the Guidelines in effect on the date that the offense of conviction was committed.[43]  In *Peugh v. United States*,[44] the Supreme Court held that "a retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation."[45]  Additionally, courts have consistently held that the retroactive application of the current version of § 4A1.2(a)(2) violates the Ex Post Facto Clause when it subjects a defendant to an increased Guidelines range category.[46]  Here, Defendant would be subject to an increased Guidelines range category if the Court applies the current version of § 4A1.2(a)(2) and finds that the prior offenses constituted separate sentences, rather than applying the previous § 4A1.2(a)(2) and counting the prior offenses as a single predicate offense.  Accordingly, the Court finds that Defendant's prior offenses must be counted as a single predicate sentence.  Therefore, the Court sustains Defendant's Objection Number Two insofar as it relates to Defendant's applicable criminal history category.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Objection Number One to the Presentence Investigation Report is **sustained**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant's Objection Number Two to the Presentence Investigation Report is **sustained**.

---

[42]*See* U.S. Sentencing Guidelines Manual § 1B.11.

[43]*Id.*

[44]133 S. Ct. 2072 (2013).

[45] *Id.* at 2085.

[46]*United States v. Adams*, 509 F.3d 929, 932 n.4 (8th Cir. 2007); *Hill v. United States*, Nos. 4:06-CR-00281-01 GTE, 4:08-CV-00274, 2008 WL 4277721, at *2–3 (E.D. Ark. Sept. 16, 2008) (summarizing cases); *United States v. Muhammed*, Crim. A. No. 90-0304 (SRC), 2008 WL 4190786, at *4 (D.N.J. Aug. 28, 2008) (holding that because retroactive application of Amendment 709 would increase defendant's criminal history score, such application would violate ex post facto clause).

**IT IS SO ORDERED.**

Dated: April 29, 2016

                                               S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE