**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff-Respondent,** | |
| v. | Case No. 14-20118-01-JAR |
| **CLIFTON B. CLOYD,** | |
| **Defendant-Petitioner.** | |

## MEMORANDUM AND ORDER

On May 8, 2020, the Court granted Petitioner Clifton B. Cloyd's motion to voluntarily dismiss his motion to vacate under 28 U.S.C. § 2255 and entered judgment dismissing the § 2255 motion.[1] The Tenth Circuit Court of Appeals subsequently dismissed Cloyd's appeal of that dismissal as untimely.[2] This matter is now before the Court on Cloyd's *pro se* letter (Doc. 139), which the Court construes as a motion to reopen the time for appeal under 28 U.S.C. § 2107(c). For the reasons set forth below, the Court denies Cloyd's motion.

**I.     Background**

On July 1, 2015, Cloyd pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(e), and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).[3] The Court sentenced Cloyd to a controlling term of seventeen years' imprisonment, followed by five years of supervised release.[4]

---

[1] Doc. 130.

[2] Doc. 138.

[3] Doc. 38.

[4] Doc. 86.

On August 29, 2018, Cloyd's filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[5] Cloyd's appointed counsel subsequently filed an unopposed motion to dismiss the § 2255 motion, stating that "after further investigating information that was not available at the time the petition was filed, the petitioner has determined that he does not have a factual basis to proceed."[6] On May 8, 2020, this Court granted Cloyd's motion and dismissed his § 2255 motion.[7]

On July 27, 2020, Cloyd filed a *pro se* Notice of Appeal.[8] Cloyd stated that he received an update from counsel on the status of his § 2255 motion on June 30, 2020, and decided to appeal the grant of voluntary dismissal.[9] The Tenth Circuit subsequently suspended proceedings and ordered Cloyd to file a memorandum brief addressing whether he had standing to challenge his own voluntary dismissal, and if so, whether he could establish timely filing of the Notice of Appeal.[10]

Upon consideration of the record and Cloyd's response, the Tenth Circuit concluded it lacked jurisdiction to consider the appeal.[11] The Tenth Circuit held that Cloyd's "response to the court's jurisdictional challenge cannot save his untimely appeal"; his "only potential avenue for

---

[5] Doc. 119.

[6] Doc. 131 at 1.

[7] Doc. 130.

[8] Doc. 132. The Court subsequently docketed a prior letter from Cloyd indicating his desire to appeal as a supplement to his notice of appeal. That letter was received on July 24, 2020, but it was not docketed until August 3, 2020, and was provided to the Tenth Circuit via email. *See* Doc. 137.

[9] *Id.*

[10] Doc. 135 at 3.

[11] Doc. 138.

relief from the untimely filing was in the district court, but he did not pursue this remedy."[12]

Cloyd now moves to reopen the time to file an appeal under 28 U.S.C. § 2107(c).[13]

## II.   Legal Standard

Under Fed. R. App. P. 4(a) and its statutory counterpart, 28 U.S.C. § 2107, a petitioner must file a notice of appeal in a civil case involving the government "within 60 days after entry of the judgment or order appealed from."[14]  But under limited circumstances, the Court may reopen the time for appeal.  In pertinent part, § 2107(c) provides:

> [I]f the district court finds—
>
> (1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
>
> (2) that no party would be prejudiced,
>
> the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.[15]

## III.  Discussion

Cloyd filed his Notice of Appeal outside the sixty-day appeal period.  According to Cloyd, he did not receive notice of the Court's May 8, 2020 Order dismissing his § 2255 motion until June 2020—more than twenty-one days from the entry of judgment.[16]  But even if the Court

---

[12] *Id.* at 2 (citing 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(6)).

[13] Doc. 139.

[14] Fed. R. App. P. 4(a)(1)(B); *see also* 28 U.S.C. § 2107(b) (same).

[15] 28 U.S.C. § 2107(c); *see also* Fed. R. App. 4(a)(6) (same).

[16] *See* Doc. 139 at 1–2.  Cloyd does not specify when in June he received notice of the Court's May 8, 2020 Order.  Even assuming he received notice on June 1, 2020, the notice fell outside the requisite twenty-one-day period.

3

deems Cloyd's motion filed on the postmark date, August 31, 2020,[17] the motion was not filed within fourteen days after Cloyd received notice of the dismissal. Because Cloyd's motion to reopen the time for appeal is not timely, the Court lacks authority to reopen the appeal period. Cloyd's motion is denied.

To the extent that Cloyd seeks an extension of time to file an appeal under § 2107(c), it is also denied. In addition to authorizing the Court to reopen the time for appeal, § 2107(c) permits the Court, "upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, [to] extend the time for appeal upon a showing of excusable neglect or good cause."[18] Cloyd, however, filed his motion outside the thirty-day grace period in which to file a motion for extension of time to appeal. Although Cloyd filed his Notice of Appeal within that thirty-day grace period, a notice of appeal cannot be construed as a motion for extension of time "where no request for additional time is manifest."[19] Accordingly, the Court is without authority to grant relief from the filing deadline, and any request for an extension of time to appeal is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Clifton B. Cloyd's Motion to Reopen the Time for Appeal (Doc. 139) is **denied**.

**IT IS SO ORDERED.**

Dated: February 1, 2021

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[17] Doc. 139; *see Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003) ("Under the federal prisoner mailbox rule, a *pro se* prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing."). The Court received Cloyd's motion on September 9, 2020.

[18] 28 U.S.C. § 2107(c); *see also* Fed. R. App. P. 4(a)(5) (same).

[19] *Senjuro v. Murray*, 943 F.2d 36, 37 (10th Cir. 1991) (per curiam).