IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CLIFTON B. CLOYD,

    Defendant.

Case No. 14-CR-20118-JAR-1

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Clifton B. Cloyd's pro se Motion for Reduction of Term of Imprisonment under 18 U.S.C. § 3582(c)(2) & U.S.S.G. Amendment 821 (Doc. 141). The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.     Facts**

On July 1, 2015, Defendant pled guilty to Counts One and Two of the Indictment, charging violations of 18 U.S.C. §§ 2113(a), (d), and (e) and 924(c)(1)(A)(ii), namely, bank robbery and brandishing a firearm during a crime of violence.[1]

The statutory minimum term of imprisonment on the bank robbery conviction was ten years' imprisonment.[2] The statutory mandatory minimum sentence on Count 2 was seven years, to be served consecutive to the bank robbery sentence.[3] The Presentence Investigation Report ("PSR") calculated a criminal history score of eight, which included two points for committing

---

[1] Doc. 39.

[2] 18 U.S.C. § 2113(e).

[3] 18 U.S.C. § 924(c)(1)(A)(ii).

the offense while under a criminal justice sentence.[4]  Under the PSR, Defendant had a criminal history category of IV and a total offense level of 26, but Defendant's guidelines range was calculated at 272 to 319 months under the career offender provisions of the guidelines.[5]  The Court sustained one of Defendant's objections to the PSR and determined that he was not a career offender.[6]  Thus, the guidelines range became 17 years, the controlling statutory mandatory minimum sentence.[7]

On May 23, 2016, the Court sentenced Defendant to 17 years' imprisonment.[8]

On April 1, 2024, Defendant filed the instant motion seeking a reduction in his sentence based upon the fact that he received two status points pursuant to Section 4A1.1 of the guidelines for committing the instant offense while under a criminal justice sentence.[9]

**II.    Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[10]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[11]

---

[4] *See* PSR, Doc. 73 ¶¶ 59–61.

[5] *Id.* ¶ 87 (applying U.S.S.G. §§ 4B1.1(c)(3) and 5G1.2(e)).

[6] Doc. 84.

[7] *See* Doc. 87 at 1.

[8] Doc. 86.

[9] Doc. 141.

[10] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[11] *See* 18 U.S.C. § 3582(c)(2).

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[12]  Part A of Amendment 821 limits the criminal history impact of "status points."[13]  Specifically, the relevant change removed U.S.S.G. § 4A1.1(d)—which added two points if the relevant offense was committed while under a criminal justice sentence—and replaced it with U.S.S.G. § 4A1.1(e), which adds one point if the defendant receives seven or more points in the previous subsections, and, additionally, committed the instant offense while under a criminal justice sentence.[14]

**III.    Discussion**

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant maintains that he is eligible for a sentence reduction because he received status points that he would not have received under the amended United States Sentencing Guidelines.  However, the government correctly argues that the status points Defendant received pursuant to U.S.S.G. § 4A1.1 are immaterial because the Court ultimately sentenced Defendant to the statutory minimum sentence for each Count.  Therefore, even if the PSR had not included these status points in the criminal history calculation, it was required by statute to sentence Defendant to no less than 17 years' imprisonment.

---

[12] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[13] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

[14] *See* U.S.S.G. § 4A1.1(e).

The Court cannot provide Defendant's requested relief because he was sentenced to the statutory minimum sentence.[15] Defendant's request for a sentence reduction is not authorized; the Court lacks jurisdiction to reduce his sentence.[16]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Term of Imprisonment under 18 U.S.C. § 3582(c)(2) & U.S.S.G  (Doc. 141) is **dismissed**.

**IT IS SO ORDERED.**

Dated: September 11, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[15] U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range . . . .").

[16] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).