IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CLIFTON B. CLOYD,**<br><br>**Defendant.** | **Case No. 14-CR-20118-JAR-1** |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Clifton B. Cloyd's pro se Motion for Compassionate Release (Doc. 145). The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court denies Defendant's motion.

## I. Facts

On July 1, 2015, Defendant pled guilty to Counts One and Two of the Indictment, charging violations of bank robbery under 18 U.S.C. § 2113(a), (d), and (e) and brandishing a firearm during a crime of violence under § 924(c)(1)(A)(ii).[1]

The statutory minimum term of imprisonment on Defendant's bank robbery conviction was ten years.[2] The statutory minimum term on the firearm conviction was seven years, to be served consecutive to the bank robbery sentence.[3] The Presentence Investigation Report ("PSR") determined that Defendant had a criminal history category of IV and a total offense level of 26.[4] Defendant's guideline range was 272 to 319 months under the career offender

[1] Doc. 39.

[2] 18 U.S.C. § 2113(e).

[3] 18 U.S.C. § 924(c)(1)(A)(ii).

[4] Doc. 73.

provisions of the guidelines.[5] The Court sustained Defendant's career-offender objections to the PSR and determined that he was not a career offender.[6] Thus, the guideline range became 17 years, the controlling mandatory-minimum sentence under the statutes of conviction.[7] On May 23, 2016, the Court sentenced Defendant to 17 years' imprisonment.[8]

Defendant is currently located at the Texarkana Federal Correctional Institution in Texarkana, Texas. His projected release date is July 30, 2032.[9]

## II. Standard

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions."[10] One such exception is "compassionate release," under 18 U.S.C. § 3582(c)(1)(A)(i).[11] Before reducing a term of imprisonment under this provision, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[12] The Court may deny the motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and

---

[5] *Id.* ¶ 87 (applying U.S.S.G. §§ 4B1.1(c)(3) and 5G1.2(e)).

[6] Doc. 84.

[7] *See* Doc. 87 at 1.

[8] Doc. 86.

[9] *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc//index.jsp.

[10] *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)).

[11] *Rutherford v. United States*, 608 U.S. 454, 458 (2026).

[12] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (setting forth three-step framework).

do[es] not need to address the others."[13] If the Court grants the motion, however, it must address all three steps.[14]

## III. Discussion

### A. Exhaustion

Under 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018,[15] the Court is permitted to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[16] Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the Government invokes it.[17]

Here, the Government concedes, and the Court is satisfied, that Defendant exhausted his administrative rights to appeal, as indicated by a letter from the Warden denying his request for compassionate release that Defendant attached to his motion.[18] The Court therefore proceeds to the merits.

### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant" a sentence reduction before it may grant the motion. This "is a demanding

---

[13] *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

[14] *Id.*

[15] Pub. L. No. 115-391, 132 Stat. 5194.

[16] 18 U.S.C. § 3582(c)(1)(A).

[17] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[18] Doc. 145 at 25.

standard."[19] The Supreme Court recently explained that "[w]hile the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration. Their meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and convincing to 'warrant' compassionate release."[20] "The heartland 'extraordinary and compelling reasons' that might warrant an early release from prison [are] age, illness, [and] a child left with no guardian."[21]

The Court's authority to find extraordinary and compelling circumstances that warrant compassionate release "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[22] On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reductions filed by either the Director of the Bureau of Prisons or a defendant."[23] The policy statement lists grounds that constitute extraordinary and compelling circumstances, and provides additional guidance for courts. The listed grounds are medical circumstances, age, family circumstances, whether the defendant was a victim of abuse while in custody, "other reasons," and whether the defendant served an "unusually long sentence."[24]

---

[19] *Fernandez v. United States*, 608 U.S. 411, 422–23 (2026).

[20] *Rutherford v. United States*, 608 U.S. 454, 468 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

[21] *Fernandez*, 608 U.S. at 426.

[22] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[23] *United States v. Bradley*, 97 F.4th 1214, 1217 n.1 (10th Cir. 2024).

[24] U.S.S.G. § 1B1.13(b).

Construing Defendant's pro se motion liberally, as the Court must,[25] he argues that his unusually long sentence, age, medical conditions, and rehabilitation constitute extraordinary and compelling circumstances that warrant compassionate release. The Court considers each in turn.

**1. Unusually Long Sentence**

Defendant first argues that he is entitled to compassionate release under U.S.S.G. § 1B1.13(b)(6) based on his unusually long sentence. Section 1B1.13(b)(6) provides that "[i]f a defendant received an unusually long sentence and has served at least 10 years . . . , a change in the law . . . may be considered" in determining whether he presents extraordinary and compelling reasons, "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."

This policy statement does not apply to Defendant. First, Defendant does not point to a gross disparity between the law that applied at the time he was sentenced and the law that would apply to him today. Defendant was not sentenced under the guidelines because he was subject to a statutory mandatory minimum term of imprisonment. He points to no statutory changes to the law as applied to him since his sentence was imposed. The only changes Defendant relies on are changes to the guidelines. Thus, assuming the policy statement otherwise applied to him, he cannot show that a change in the law created a gross disparity between the 17-year sentence imposed in 2016 and the sentence that would likely be imposed today. Second, even if this provision otherwise applied to Defendant, the Supreme Court recently determined that it exceeds

[25] *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause [defendant] appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

the Sentencing Commission's authority.[26] Thus, Defendant has not demonstrated extraordinary and compelling circumstances on the basis of an unusually long sentence.

**2. Age and Medical Condition**

Next, Defendant contends that his age and myriad medical conditions are extraordinary and compelling circumstances that warrant compassionate release. Defendant is 65 years old and has been diagnosed with diabetes, hyperlipidemia, hypertension, an enlarged prostate, and chronic kidney disease. He claims that most of these health issues are "at near end stage" and have caused a significant decline in his quality of life while in custody. Defendant attaches several exhibits to his motion generically defining and describing these health conditions. Defendant also attaches some of his Bureau of Prisons medical records.

As discussed above, personal circumstances such as age and serious medical conditions are considered "heartland" grounds for compassionate release.[27] The Sentencing Commission's policy statement provides that extraordinary and compelling reasons exist where the defendant is suffering from a terminal illness, a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, such that the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[28] Likewise, extraordinary and compelling circumstances exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or

[26] *Rutherford v. United States*, 608 U.S. 454, 472–73 (2026).

[27] *Id.* at 466–67; *Fernandez v. United States*, 608 U.S. 411, 426 n.5 (2026).

[28] U.S.S.G. § 1B1.13(b)(1)(B).

death."[29] Under U.S.S.G. § 1B1.13(b)(2), extraordinary and compelling circumstances exist where a "defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

The medical records confirm that Defendant suffers from several medical conditions, including diabetes, hyperlipidemia, hypertension, an enlarged prostate, and chronic kidney disease. But Defendant fails to demonstrate these conditions have "substantially diminishe[d]" his ability to provide self-care at FCI Texarkana. The medical records show that Defendant has been treated with medications for his hypertension, diabetes, hyperlipidemia, and prostate disorder. And prison health care staff have repeatedly counseled Defendant on compliance with his prescribed medications. On one occasion, Defendant refused a prescription for his hypertension in order to try to improve his diet instead.[30] There is no evidence in the record that Defendant has been denied treatment for his serious medical conditions.[31]

Defendant discusses his chronic kidney disease and explains that it is related to his Type II Diabetes diagnosis. He maintains that kidney disease usually gets worse over time and eventually results in end-stage renal disease. While this may be true, Defendant is not currently in renal failure and the medical records do not support that he is at the "end stage" of any of his medical conditions.

---

[29] *Id.* § 1B1.13(b)(1)(C).

[30] Doc. 145 at 45.

[31] Defendant attaches to his reply an article entitled "Judge Compares Federal Bureau of Prisons to 'Soviet Gulag,'" but does not provide any byline or source attribution for the article. Doc. 151-3. The article discusses a federal judge's ruling on January 16, 2026, granting a female prisoner's motion for compassionate release when she was denied treatment for breast cancer while on home confinement. This article carries no weight in this Court's determination of whether this Defendant, a prisoner in a Texas federal correctional institution, has received the treatment he needs for wholly different medical conditions.

Defendant contends in the reply that his medical conditions require specialized treatment. He also claims that he has elevated "prostate specific antigens," which are a "pre-indicator" to prostate cancer. He complains that prison staff should have granted his request to see a urology specialist based on these results. Other than Defendant's conclusory assertions, there is no indication in the record that Defendant's conditions must be treated by outside specialists or that he has been denied such treatment.

Finally, while Defendant is 65 years' old and has served at least 10 years of his sentence, his medical records do not support a finding that he is experiencing serious deterioration in his physical health due to the aging process that rises to the level of extraordinary and compelling circumstances justifying compassionate release under § 1B.13(b)(1)(C). The medical records indicate that Defendant is being treated for these conditions at FCI Texarkana, and that they appear to be controlled with medication if taken as prescribed.

**3. Rehabilitation**

Finally, Defendant asks the Court to consider his rehabilitation while in prison. He attaches to his motion evidence of programming and awards he received during his almost-12-year period of incarceration. The Court applauds Defendant's efforts at rehabilitation during his confinement. But Congress has made clear that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason" for compassionate release.[32] Because the Court has already determined that no other grounds are present that constitute extraordinary and compelling circumstances, it cannot consider Defendant's rehabilitation in isolation.

In sum, the Court finds that Defendant is not eligible for compassionate release because he has not demonstrated that extraordinary and compelling reasons justify such relief.

[32] 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d).

### C. Section 3553(a) Factors

Assuming, *arguendo*, that Defendant could demonstrate extraordinary and compelling circumstances for compassionate release, the Court considers the factors set forth in § 3553(a) in light of post-sentencing developments.[33] Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[34] "[T]he facts allegedly establishing extraordinary and compelling reasons for release . . . . are relevant to the § 3553(a) analysis."[35]

The Court finds that these factors weigh against compassionate release. As the Court explained at sentencing, Defendant's offense was serious—armed bank robbery. Defendant forced bank employees into the bank's vault. These employees described Defendant as aggressive—pushing them, hitting them with his gun, and pulling one by the hair. Defendant grabbed a bank customer by the shirt and pulled her onto the ground, causing her to lose consciousness. The Court noted at sentencing Defendant's long history of committing violent

---

[33] *See Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion."); *Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)).

[34] 18 U.S.C. § 3553(a).

[35] *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021)).

crimes and weapon offenses for decades prior to the bank robbery. At the time of this offense, he was on supervised release for a drug trafficking offense.

These facts continue to counsel in favor of a lengthy sentence under the first four § 3553(a) factors recited above.[36] The Court has considered Defendant's post-conviction rehabilitation and the many letters it has received from family members supporting his release. Nonetheless, the Court does not find that Defendant's age, medical conditions, remorse, and family ties sufficiently weigh against the seriousness of the bank robbery offense, particularly in light of his significant criminal history. That criminal history tells the Court that Defendant previously received an opportunity to turn his life around and become a law-abiding citizen. He completed a lengthy federal sentence on a drug conviction in 2011, yet three years later, while still on supervised release, he committed armed bank robbery. Given this history, the Court finds that even if Defendant's age and medical condition were extraordinary and compelling reasons to warrant compassionate release, the § 3553(a) factors counsel against it.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Clifton B. Cloyd's pro se Motion for Compassionate Release (Doc. 145) is **denied**.

**IT IS SO ORDERED.**

Dated: October 29, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[36] The Court sentenced co-Defendant Steven Watts to the same mandatory-minimum term of 17 years' imprisonment. Docs. 103, 104. The Court does not find that compassionate release is warranted in order to avoid any kind of sentencing disparity with defendants of similar background and offense conduct.